IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dana Colbert,

    Plaintiff,

  v.                        Case No. 2:17-cv-876

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Dana Colbert brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income. In a decision dated March 24, 2017, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of various physical impairments relating to a history of right femur fracture, knee problems, and asthma/chronic obstructive pulmonary disease, as well as a depressive disorder and a history of alcohol dependence. PAGEID 52. After considering the entire record, the ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to perform light work with certain physical and mental restrictions. PAGEID 55-56. After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled. PAGEID 66-67.

This matter is before the court for consideration of plaintiff's April 26, 2018, objection to the April 12, 2018, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objection

Plaintiff's objection concerns the opinions of the state

agency psychological consultants. In a June 1, 2013, evaluation, state agency consultant Melanie Bergsten, Ph.D., was asked to rate the degree of plaintiff's mental symptoms, including sustained concentration and persistence limitations, the section highlighted in plaintiff's objection. Dr. Bergsten rated plaintiff "[m]oderately limited" in the "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." PAGEID 252. When asked to "[e]xplain in narrative form the sustained concentration and persistence limitations indicated above[,]" Dr. Bergsten stated that plaintiff "is able to sustain concentration and persistence to perform simple and some complex tasks that are not fast paced." PAGEID 253.

In her November 19, 2013, report, Kristen Haskins, Psy.D., rated plaintiff as being moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. PAGEID 266. When asked to explain this limitation in narrative form, Dr. Haskins stated that plaintiff "is able to sustain concentration and persistence to perform simple and some multistep not complex tasks that are not fast paced." PAGEID 266.

In the heading of Issue II of plaintiff's statement of errors, plaintiff stated that the ALJ's decision should be reversed because he improperly relied on the internally inconsistent opinions of the state psychologists. Doc. 8, p. 12. However, the argument under that heading did not clearly state why the opinions were "internally inconsistent." Instead, plaintiff noted that the ALJ

3

only accorded some weight to the agency opinions and modified the psychologists' recommendations to state them in vocationally relevant terms before including them in the RFC, without specifically noting the moderate limitations found by those experts in the RFC. Doc. 8, pp. 13-14. The magistrate judge construed plaintiff's statement of error as arguing that the ALJ failed to properly account for all these moderate limitations in his RFC determination or in his hypothetical to the vocational expert. Doc. 10, p. 18. The magistrate judge concluded that the ALJ properly considered the moderate limitations, as well as the accommodations expressed in the narrative sections of the state agency opinions and the other record evidence, in formulating plaintiff's mental RFC. Doc. 10, pp. 18-21.

Plaintiff contends in her objection that the opinions of the state agency psychological consultants are internally inconsistent because the psychologists did not repeat the ratings section language that plaintiff was "moderately limited" in certain areas, including "[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms[,]" in the narrative sections of the form. Plaintiff contends that since the ALJ failed to address this alleged inconsistency, his RFC determination "cannot be deemed an accurate depiction of" her functional capabilities. Doc. 11, p. 3.

The court first notes that there is no internal inconsistency because the ratings sections are not the consultant's opinion. Courts have rejected the argument that the ALJ should have included items from the ratings sections of the form in the RFC, holding that the ratings sections of the evaluation form are merely

worksheets for the evaluator which do not constitute the evaluator's residual functional capacity assessment. Rather, it is the narrative portion of the form that embodies the consultant's actual assessment. *See Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 563 (6th Cir. 2014)(the explanation section of the form reflects the doctor's actual findings); *Velez v. Comm'r of Soc. Sec.*, No. 1:09CV0715, 2010 WL 1487599, *6 (N.D. Ohio Mar. 26, 2010)(citing cases).

The reasoning behind this rule of interpretation is illustrated by the rating category noted by plaintiff in her objection, which includes two main components: (1) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and (2) the ability to perform at a consistent pace without an unreasonable number and length of rest periods. Without looking to the narrative explanation, it cannot be said with any degree of certainty that the consultants were applying the "moderately limited" rating to both of those components. Dr. Bergsten was apparently concerned about the second component because, in her narrative, she stated that plaintiff "is able to sustain concentration and persistence to perform simple and some complex tasks that are not fast paced." PAGEID 253. Similarly, Dr. Haskins commented that plaintiff "is able to sustain concentration and persistence to perform simple and some multistep not complex tasks that are not fast paced." PAGEID 266.

Even if the rating sections are viewed as expressing the consultants' opinions, there is nothing in the record to indicate that the "moderately limited" ratings are inconsistent with the work restrictions included in the narrative sections. The mere

5

rating of "moderately limited" does not describe the nature of plaintiff's limitations or how those limitations will impact her ability to work. Rather, the consultants explained restrictions which would apply to plaintiff's actual workplace setting in the narrative sections of the form. The mere failure to include the "moderately limited" ratings language in the narrative sections did not result in an inconsistency in the state agency opinions.

The court also agrees with the magistrate judge's conclusion that the ALJ's evaluation of the consultants' opinions and his RFC determination were supported by the record. A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ, not a medical expert, ultimately determines the claimant's RFC. *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435, 439 (6th Cir. 2010); 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). An ALJ's decision to give weight to medical opinion evidence does not require the ALJ to incorporate every restriction proposed by the medical source. *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013). The ALJ is not required to describe the claimant's limitations using the exact language of those medical sources as long as substantial evidence demonstrates that the ALJ adequately portrayed the claimant's limitations in the RFC. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014).

The ALJ recognized that plaintiff had moderate limitations in understanding, remembering, and applying information, in interacting with others, and in concentration, persistence and pace. PAGEID 54. He noted plaintiff's daily activities, which included caring for her personal needs, performing some household

chores, walking to the store, using public transportation, paying bills, making purchases, and watching television. PAGEID 54-55. The ALJ further observed that although plaintiff claimed to have some mental difficulties around confusion and people, she had contacts with her family and neighbors and could interact with people in public settings, such as in stores and on public transportation. PAGEID 62. He noted that although plaintiff claimed to have memory problems, she was never diagnosed with any confusion or memory problems, and she correctly performed math problems and other memory tests during a consultative psychological examination by Lisa M. Thornton, Ph.D., on May 8, 2013. *See* PAGEID 62-64; Ex. 4F. The ALJ also found that the record showed no specialized mental health treatment or medications. PAGEID 55.

The ALJ considered the opinions of the state agency consultants, who concluded that plaintiff showed moderate limitations in social functioning, attention and concentration, and interaction with others. The ALJ gave these mental assessments some weight. PAGEID 65. Dr. Bergsten commented that plaintiff "would be limited to simple and some complex familiar tasks[;]" that she "is able to sustain concentration and persistence to perform simple and some complex tasks that are not fast paced[;]" that plaintiff "would be limited to occasional superficial interactions w/others[;]" and that "[d]ue to [a history] of substance abuse, she may have difficulty responding to changes" but she is "able to perform work related tasks in an environment where duties are relatively static and changes can be explained." PAGEID 253. Dr. Haskins rendered a similar opinion, noting that plaintiff "would be limited to simple and some multistep tasks that are not

7

complex" and that she "is able to sustain concentration and persistence to perform simple and some multistep not complex tasks that are not fast paced. PAGEID 266-267.

The ALJ explained that after these opinions were rendered, changes were made to the mental listings, rules and regulations, and that he considered these changes and applied them. PAGEID 65. The ALJ also "modified the moderate limitations found in the functional capacity [evaluations] to contain vocationally relevant terms[.]" PAGEID 65. The ALJ formulated the following mental RFC:

> The claimant could perform simple, routine, repetitive tasks involving only simple work related decisions with few, if any, workplace changes in a setting without strict production quotas or fast paced work, such as on an assembly line. The claimant could have occasional interaction with the general public, coworkers, and supervisors.

PAGEID 65. This RFC largely incorporated the recommendations of the state agency consultants, although it is slightly more restrictive as it makes no reference to complex or multistep tasks.

The court finds that the ALJ did not commit error in his consideration of the state agency opinions or in arriving at plaintiff's mental RFC, and plaintiff's objection is not well taken.

III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ's RFC determination and his finding of nondisability are supported by substantial evidence. The plaintiff's objection (Doc. 11) is denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 10). The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.


Date: May 14, 2018                        s/James L. Graham
                                   James L. Graham
                                   United States District Judge